Kathleen H. Paukert, ISB #4283
Michael J. Paukert, ISB #4327
PAUKERT & TROPPMANN, PLLC
522 W. Riverside Avenue, Suite 560
Spokane, Washington 99201
Telephone: (509) 232-7760
Facsimile: (509) 232-7762
kpaukert@pt-law.com
mpaukert@pt-law.com

*Attorneys for Plaintiff Karen Presley*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KAREN E. PRESLEY,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>ECHO RENTAL COMPANY, REBECCA CAWLEY, as personal representative of the ESTATE OF JAY MICHAEL CAWLEY, deceased, and BROOKS SEAPLANE SERVICE, INC.,<br><br>　　　　　　　　Defendants. | Case No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Karen Presley, by and through her attorneys of record, Kathleen H. Paukert and Michael J. Paukert of the firm Paukert & Troppmann, PLLC, with causes of action against the above-named Defendants, hereby states and alleges as follows:

I.　　**JURISDICTION AND VENUE**

1.　　Original subject matter jurisdiction is proper in the United States District Court pursuant to 28 U.S.C. § 1332(a) as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, to wit:

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

   a) Plaintiff in this action is a citizen and resident of the State of Washington;

   b) All Defendants are citizens and residents of the State of Idaho, to wit: Defendants, Echo Rental Company and Brooks Seaplane Service, Inc., are corporations organized and existing under the laws of the State of Idaho and maintain their principal places of business in the State of Idaho; Defendant Rebecca Cawley, individually and as personal representative of the Estate of Jay Michael Cawley, is a resident of the State of Idaho.

2. Venue of this action in the United States District Court for the District of Idaho is proper under 28 U.S.C. § 1391(b) as all Defendants are residents of the State of Idaho and the District of Idaho, and a substantial part of the events or omissions giving rise to the claim occurred in the District of Idaho.

## II. FACTS COMMON TO ALL CAUSES OF ACTION

3. On July 5, 2020, and for some time prior thereto, Defendant, Echo Rental Company, was a corporation organized and existing under the laws of the State of Idaho, which owned a certain airplane known as a Cessna Model TU-206G, bearing airframe serial number U20605457 and registered with the U.S. Federal Aviation Administration under marking N6323R (hereinafter "Cessna Airplane").

4. On July 5, 2020, the Cessna Airplane was being operated pursuant to 14 C.F.R. Part 91 as a personal flight and piloted by Defendant's decedent, Jay Michael Cawley, on a flight from Pappy Boyington Field in Coeur d'Alene, Idaho with an intended destination of Lewiston-Nez Perce County Regional Airport in Lewiston, Idaho.

5. On July 5, 2020, there was in full force and effect Chapter 14, Section 91.3 of the Code of Federal Regulations that provided that "[t]he pilot in command of an aircraft is directly responsible for, and is the final authority as to, the operation of the aircraft," which was applicable to Defendant's decedent, Jay Michael Cawley, as pilot of the Cessna Airplane on the aforesaid date.

6. On July 5, 2020, and all times relevant herein, Defendant's decedent, Jay Michael Cawley, was an employee and/or agent of Defendant Echo Rental Company and was acting within the scope of his employment and/or agency of Defendant Echo Rental Company.

7. On July 5, 2020, and for some time prior thereto, Defendant, Brooks Seaplane Service, Inc., was a corporation organized and existing under the laws of the State of Idaho, which owned a certain seaplane known as a DeHavilland Model DHC-2 Mk.1, bearing airframe serial number 1131 and registered with the U.S. Federal Aviation Administration under marking N2106K (hereinafter "DeHavilland Seaplane").

8. On July 5, 2020, the DeHavilland Seaplane was being operated pursuant to 14 C.F.R. Part 91 as an air tour flight piloted by Defendant's decedent, Neil Lunt, on a flight over and near Lake Coeur d'Alene which flight originated and was to terminate at the Brooks Seaplane Base in Coeur d'Alene, Idaho, FAA Airport Location ID S76.

9. On July 5, 2020, there was in full force and effect Chapter 14, Section 91.3 of the Code of Federal Regulations that provided that "[t]he pilot in command of an aircraft is directly responsible for, and is the final authority as to, the operation of that aircraft," which was applicable to Defendant's decedent, Jay Michael Cawley, as pilot of the Cessna Airplane the aforesaid date.

10. On July 5, 2020, Plaintiff's son, Sean Fredrickson, was a fare paying passenger on board the DeHavilland Seaplane for the aforesaid air tour flight.

11. On July 5, 2020, at approximately 2:22 p.m. Pacific time, the Cessna Airplane and the DeHavilland Seaplane collided in the air over Lake Coeur d'Alene at or near 47.519165 north latitude, 116.82638 west longitude, causing both aircraft to violently crash into the waters of Lake Coeur d'Alene, killing all occupants of both aircraft including Plaintiff's decedent, Sean Fredrickson, a fare paying customer on the DeHavilland Seaplane; Sofia Olsen, Quentin Olsen,

and Hayden Fredrickson, all fare paying customers on the DeHavilland Seaplane; Defendant's decedent, Jay Michael Cawley; Neil Lunt, pilot of the Cessna Airplane; and David Sorensen, a fare paying passenger on the DeHavilland Seaplane.

12.　On or about August 10, 2020, Rebecca L. Cawley was appointed the personal representative of the Estate of Jay Michael Cawley by order of the District Court for the Second Judicial District of the State of Idaho, in and for the County of Nez Perce.

### III.　III. CAUSES OF ACTION

#### (First Action – Negligence – Echo & Cawley)

13.　Plaintiff incorporates by reference the allegations set forth in all proceeding paragraphs as if fully set forth herein.

14.　On July 5, 2020, and at all times herein relevant, it was the duty of Defendant, Echo Rental Company, and Defendant's decedent, Jay Michael Cawley, and each of them, to use ordinary care for the safety of Plaintiff's decedent, Sean Fredrickson.

15.　On July 5, 2020, and notwithstanding the aforesaid duty, the Defendant, Echo Rental Company, and Defendant's decedent, Jay Michael Cawley, and each of them, breached their duty of care to Plaintiff's decedent, Sean Fredrickson, through one or more of the following acts or omissions:

   a) Negligently and carelessly operated an aircraft so close to another aircraft as to create a collision hazard, contrary to and in violation of 14 C.F.R. § 91.111(a);

   b) Negligently and carelessly failed to maintain vigilance while operating an aircraft so as to see and avoid other aircraft, contrary to and in violation of 14 C.F.R. § 91.113(b);

   c) Negligently and carelessly operated the Cessna Airplane in a manner that endangered the lives of others, contrary to and in violation of 14 C.F.R. § 91.13(a);

   d) Negligently and carelessly failed to have a proper and operational traffic collision avoidance system (TCAS) or other traffic warning device installed and operating aboard the Cessna Airplane;

e) Negligently and carelessly failed to properly and adequately maintain the Cessna Airplane and its component parts; and/or

f) Otherwise negligently and carelessly operated, maintained, and/or controlled the Cessna Airplane in particular manners to be determined through discovery in this action.

16. On July 5, 2020, and as a direct and proximate result of one or more of the foregoing negligent breaches of duty by Defendant, Echo Rental Company, and Defendant's decedent, Jay Michael Cawley, and each of them, the Cessna Airplane and the DeHavilland Seaplane collided in the air, causing the DeHavilland Seaplane in which Plaintiff's decedent, Sean Fredrickson, was a passenger, to violently crash into the waters of Lake Coeur d'Alene, and further caused Plaintiff's decedent to suffer fatal injuries.

17. That at the time of his death, Plaintiff's decedent left surviving heirs, including his mother Karen Presley, the Plaintiff herein.

18. That as a result of the death of Plaintiff's decedent Sean Fredrickson, Plaintiff has sustained substantial damages including but not limited to the reasonable value of decedent's training, comfort, and society.

WHEREFORE Plaintiff prays that judgment be entered in her favor and against Defendants, Echo Rental Company, and Rebecca Cawley, as personal representative of the Estate of Jay Michael Cawley, and each of them, in a reasonable sum in excess of seventy-five thousand dollars ($75,000) together with prejudgment interest, attorneys' fees, and costs of the action.

**(Second Action – Willful and Reckless Misconduct – Echo & Cawley)**

19. Plaintiff incorporates by reference the allegations set forth in all proceeding paragraphs as if fully set forth herein.

20.     On July 5, 2020, and at all times herein relevant, it was the duty of Defendant Echo Rental Company and Defendant's decedent, Jay Michael Cawley, and each of them, to refrain from willful and reckless conduct so as not to cause injury to Plaintiff's decedent, Sean Fredrickson.

21.     Notwithstanding the aforesaid duty, Defendant Echo Rental Company and Defendant's decedent, Jay Michael Cawley, and each of them, breached their duty of care to Plaintiff's decedent, Sean Fredrickson, in one or more of the following manners:

   a) Willfully and recklessly operated the Cessna Airplane during a holiday weekend in a high traffic, tourist area in which they knew air tours in other aircraft were being conducted, yet operated the Cessna Airplane so close to another aircraft as to create a collision hazard, contrary to and in violation of 14 C.F.R. § 91.111(a);

   b) Willfully and recklessly operated the Cessna Airplane during a holiday weekend in a high traffic, tourist area in which they knew air tours in other aircraft were being conducted, yet failed to maintain vigilance while operating an aircraft so as to see and avoid other aircraft, contrary to and in violation of 14 C.F.R. § 91.113(b);

   c) Willfully and recklessly operated the Cessna Airplane during a holiday weekend in a high traffic, tourist area in which they knew air tours in other aircraft were being conducted in a manner that endangered the lives of others, contrary and in violation of 14 C.F.R. § 91.13(a); and/or

   d) Otherwise willfully and recklessly operated, maintained and/or controlled the Cessna Airplane in particular manners to be determined through discovery in this action.

22.     On July 5, 2020, and as a direct and proximate result of the foregoing willful and reckless conduct of Defendant Echo Rental Company and Defendant's decedent, Jay Michael Cawley, and each of them, the Cessna Airplane and the DeHavilland Seaplane collided in the air, causing the DeHavilland Seaplane in which Plaintiff's decedent, Sean Fredrickson, was a passenger, to violently crash into the waters of Lake Coeur d'Alene, and further caused Plaintiff's decedent to suffer fatal injuries.

23. That at the time of his death, Plaintiff's decedent left surviving heirs, including his mother Karen Presley, the Plaintiff herein.

24. That as a result of the death of Plaintiff's decedent Sean Fredrickson, Plaintiff has sustained substantial damages including but not limited to the reasonable value of decedent's training, comfort, and society.

WHEREFORE Plaintiff prays that judgment be entered in her favor and against Defendants, Echo Rental Company, and Rebecca Cawley, as personal representative of the Estate of Jay Michael Cawley, and each of them, in a reasonable sum in excess of seventy-five thousand dollars ($75,000) together with prejudgment interest, attorneys' fees, and costs of the action.

### (Third Action – Negligence – Brooks Seaplane Service, Inc.)

25. Plaintiff incorporates by reference the allegations set forth in all proceeding paragraphs as if fully set forth herein.

26. On July 5, 2020, and at all times herein relevant, it then and there became and was the duty of Defendant Brooks Seaplane Service, Inc., to use ordinary care for the safety of Plaintiff's decedent, Sean Fredrickson.

27. On July 5, 2020, and notwithstanding the aforesaid duty, Defendant Brooks Seaplane Service, Inc., breached its duty of care to Plaintiff's decedent, Sean Fredrickson, through one or more of the following acts or omissions:

   a) Negligently and carelessly operated an aircraft so close to another aircraft as to create a collision hazard, contrary to and in violation of 14 C.F.R. § 01.111(a);

   b) Negligently and carelessly failed to maintain vigilance while operating an aircraft so as to see and avoid other aircraft, contrary to 14 C.F.R. § 01.113(b);

   c) Negligently and carelessly operated the DeHavilland Seaplane in a manner that endangered the lives of others, contrary to and in violation of 14 C.F.R.§ 91.13(a);

    d) Negligently and carelessly failed to have a proper and operational traffic collision avoidance system (TCAS) or other traffic warning device installed and operating aboard the DeHavilland Seaplane;

    e) Negligently and carelessly failed to properly and adequately maintain the DeHavilland Seaplane and its component parts; and/or

    f) Otherwise negligently and carelessly operated, maintained, and/or controlled the DeHavilland Seaplane in particular manners to be determined through discovery in this action.

28. On July 5, 2020, and as a direct and proximate result of one or more of the foregoing negligent breaches of duty by Defendant Brooks Seaplane Service, Inc., the Cessna Airplane and the DeHavilland Seaplane collided in the air, causing the DeHavilland Seaplane in which Plaintiff's decedent, Sean Fredrickson, was a passenger, to violently crash into the waters of Lake Coeur d'Alene, which resulted in Plaintiff's decedent suffering fatal injuries.

29. That at the time of his death, Plaintiff's decedent left surviving heirs, including his mother Karen Presley, the Plaintiff herein.

30. That as a result of the death of Plaintiff's decedent Sean Fredrickson, Plaintiff has sustained substantial damages including but not limited to the reasonable value of decedent's training, comfort, and society.

WHEREFORE Plaintiff prays that judgment be entered in her favor and against Defendant Brooks Seaplane Service, Inc., in a reasonable sum in excess of seventy-five thousand dollars ($75,000) together with prejudgment interest, attorneys' fees, and costs of the action.

**(Fourth Action – Willful and Reckless Misconduct – Brooks Seaplane Service, Inc.)**

31. Plaintiff incorporates by reference the allegations set forth in all proceeding paragraphs as if fully set forth herein.

32. On July 5, 2020, and at all times herein relevant, it was the duty of Defendant Brooks Seaplane Service, Inc., to refrain from willful and reckless conduct so as not to cause injury to Plaintiff's decedent.

33. Notwithstanding the aforesaid duty, Defendant Brooks Seaplane Service, Inc., breached its duty of care to Plaintiff's decedent, Sean Fredrickson, in one or more of the following manners:

   a) Willfully and recklessly operated the DeHavilland Seaplane during a holiday weekend in a high traffic, tourist area in which they knew other aircraft were operating, yet operated the DeHavilland Seaplane so close to another aircraft as to create a collision hazard, contrary to and in violation of 14 C.F.R .§ 91.111(a);

   b) Willfully and recklessly operated the DeHavilland Seaplane during a holiday weekend in a high traffic, tourist area in which they knew other aircraft were operating, yet failed to maintain vigilance while operating an aircraft so as to see and avoid other aircraft, contrary to and in violation of 14 C.F.R. § 91.113(b);

   c) Willfully and recklessly operated the DeHavilland Seaplane during a holiday weekend in a high traffic tourist area in which they knew other aircraft were operating in a manner that endangered the lives of others, contrary to and in violation of 14 C.F.R. § 91.13(a); and/or

   d) Otherwise willfully and recklessly operated, maintained, and/or controlled the DeHavilland Seaplane in particular manners to be determined through discovery in this action.

34. On July 5, 2020, and as a direct and proximate result of the foregoing willful and reckless conduct of Defendant, Brooks Seaplane Service, Inc., the Cessna Airplane and the DeHavilland Seaplane collided in the air, causing the DeHavilland Seaplane in which Plaintiff's decedent, Sean Fredrickson, was a passenger, to violently crash into the waters of Lake Coeur d'Alene, and further caused Plaintiff's decedent to suffer fatal injuries.

35. That at the time of his death, Plaintiff's decedent left surviving heirs, including his mother Karen Presley, the Plaintiff herein.

36. That as a result of the death of Plaintiff's decedent, Sean Fredrickson, Plaintiff has sustained substantial damages including but not limited to the reasonable value of decedent's training, comfort, and society.

WHEREFORE Plaintiff prays that judgment be entered in her favor and against Defendant Brooks Seaplane Service, Inc., in a reasonable sum in excess of seventy-five thousand dollars ($75,000) together with prejudgment interest, attorneys' fees, and costs of the action.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on her Complaint in the above-entitled action.

DATED this 2nd day of December 2021.

PAUKERT & TROPPMANN, PLLC

By: /s/ Kathleen H. Paukert
KATHLEEN H. PAUKERT, ISB #4283
MICHAEL J. PAUKERT, ISB #4327
*Attorneys for Plaintiff Karen Presley*